## Beecher et al. v. Rothenberger et al.

*Russell G. Weidner*, for plaintiffs.
*Edward G. Wink*, for defendants.

MAYS, J., March 26, 1945.—Plaintiffs ask that defendants be enjoined from keeping a dog on the premises occupied by them on the ground that it is a disturbance to plaintiffs and interferes with the reasonable use and enjoyment of their home.

### Findings of fact

1. Plaintiffs, husband and wife, reside at 605 Raymond Street, Hyde Villa, in Muhlenberg Township, Berks County, Pa., premises which they own in fee simple.

2. Defendants, husband and wife, reside in and occupy premises 609 Raymond Street, Hyde Villa, in Muhlenberg Township, Berks County, Pa., as tenants of Edwin B. Weber.

3. The dwelling house in which plaintiffs reside is situated about 15 feet from that of defendants herein.

4. Defendants are the owners of an Irish setter dog which is kept in an enclosed kennel to the rear of and immediately adjacent to the property occupied by defendants, which is about 40 to 50 feet from that portion of plaintiffs' house nearest to the said kennel.

5. For the past six months and upwards, during most of the day when defendants are absent from their dwelling, the dog has been confined to his kennel, and has barked and yelped to such an extent as to annoy and disturb not only Eva M. Beecher, who is invalided, but also her husband, Luther M. Beecher, and other residents in the immediate vicinity.

6. During the same period this dog, during certain hours of the night, has barked and yelped to such an extent as to annoy and disturb plaintiffs and other residents.

7. This almost continuous barking and yelping has subjected particularly the plaintiffs, and other residents, to a great and continuous annoyance and dis-

comfort. Their rest has been broken and sleep interrupted, and they have been seriously disturbed in the reasonable use and enjoyment of their homes.

## Discussion

What was said by Macfarlane, J., in Hechelman v. Kindt, 22 Dist. R. 791, 792, has greatly influenced the chancellor in his decision:

"It is undoubtedly a general principle that an injunction will not issue to restrain an alleged nuisance if the facts are doubtful, and it should not be granted unless the case is clear and there must be a nuisance of a real and substantial character. It is also true that the noise made by dogs may amount to a nuisance (Chambers v. Walker, 57 Pitts. L. J. 210), where it is shown that any noise may amount to a nuisance if it is frequent and is of such character as to materially interfere with the comfort of persons in the neighborhood. Especially this is true in a case where they are deprived of their sleep."

Defendants' dog, during the past months, has been barking and yelping many hours of practically every day of the week, and especially pronounced are the noises when defendants are away from their home. Not only did Luther M. Beecher testify to this, but others who reside in the neighborhood. During certain hours of the night there is a pronounced barking and yelping. Luther M. Beecher testified, as did others, that these noises deprived them of their sleep, particularly Eva M. Beecher, who has been ill, and whose health, according to Dr. Miller, is certainly not being improved.

At the trial, the chancellor pointed out that in all probability defendants could correct this situation by having the dog placed somewhere else while defendants are away from home. The dog is quite young, and it is manifest that he is very lonely during defendants' absence, and because of this does this incessant barking and yelping.

Another hearing was held on March 16, 1945, so that it could be determined whether or not the conditions had improved. The only change made by defendants was to place the dog in an enclosed runway or yard off defendants' premises but nearer to plaintiffs'. The evidence disclosed that the dog incessantly barked and yelped, and I believe is still lonesome, and because thereof, during defendants' absence, does make these incessant noises.

Again what Macfarlane, J., said in Hechelman v. Kindt, supra, at page 792, is quite significant: "Practically, it seems to me that the defendants, by making a slight effort, can abate the nuisance by taking the dog with them, and, if that were not possible, placing him somewhere during their absence where his loneliness will not cause him to yelp and bark."

Complainants here, as well as their witnesses, I am certain, are not disturbed by the ordinary barking of dogs. They admit that at times they hear others, but state that these noises do not disturb them. A court of equity will not ordinarily assume jurisdiction to restrain noises that are common to all neighborhoods and do not disturb people of ordinary sensibilities. However, a court of equity will restrain noises which tend to disturb the rest and quiet in the neighborhood. To warrant an injunction against a noise as a nuisance, it must be shown that the noise is such as to produce actual physical discomfort to a person of ordinary sensibilities when it is unreasonably and unnecessarily made.

While it is true that Mrs. Beecher on account of her sickness may be exceedingly sensitive, there are others who are enjoying good health, and are therefore persons of ordinary sensibilities, who were annoyed by the noise.

Defendants point out that some neighbors were not disturbed by these noises. We quote with approval what was said in Chambers v. Walker, 57 Pitts. 210, 211, 212:

"The fact that a number of other persons who resided in that neighborhood were not affected in the same manner that the plaintiff and those who testified in his behalf were affected does not in our opinion meet the plaintiff's case. The witnesses were all equally credible and reputable persons and the difference in their testimony can be fairly accounted for by the difference of temperament and situation. Many people are so constituted and so absorbed in their business that the noise about them does not affect them and they become oblivious to it. The testimony of the defendant's witnesses simply proves that they were not annoyed, but it does not prove or meet the testimony of the plaintiff that he and his family and his tenants were annoyed, or show that what they testify to is not true."

Surely, a person who owns a dog and cares for him as dogs are ordinarily cared for should not be interfered with by any court, and it is only in an exceptional case where any chancellor would be constrained to decree that the maintenance of a dog is a nuisance. The instant case is an exception, and I feel there will be no hardship imposed upon defendants if the order of the court in this case requires them to do what is reasonably necessary to abate this nuisance. Defendants should not insist upon using their property so as to unnecessarily annoy their neighbors. Let them obviate the difficulties that confront them in this neighborhood. By so doing they will not only allow plaintiffs and other neighbors to live in peace and comfort, but will be doing an act of kindness to their pet, who manifestly pines for them while they are away from home.

### Conclusion of law

Plaintiffs are entitled to the relief prayed for, and an injunction should issue to enjoin and restrain defendants from keeping, maintaining, and harboring the dog in the kennel where he is now located so as to annoy and injure plaintiffs and others in the neighborhood.

And now, to wit, March 26, 1945, it is ordered, adjudged, and decreed that an injunction issue enjoining and restraining defendants, Paul A. Rothenberger and Therma J. Rothenberger, from keeping, maintaining, and harboring the dog in his kennel on or adjacent to the lot occupied by defendants at 609 Raymond Street, Hyde Villa, Muhlenberg Township, Berks County, Pa., so as to annoy and injure plaintiffs, Luther M. Beecher and Eva M. Beecher; notice of the filing of the adjudication to be given by the prothonotary to the attorneys of record.